UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| JEFFERY DANIEL SMITH, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 1:14-CV-155-HSM |
| | ) | | 1:13-CR-3-HSM-SKL-1 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 31, 39, 40, 42, 43, 45]. During pendency of the original petition, Petitioner has filed what the Court interprets to be five separate motions for leave to amend [Docs. 39, 40, 42, 43, 45], one motion to obtain copies of the "Court's record" [Doc. 37], and one motion for the appointment of counsel [Doc. 43]. While the original petition raises multiple theories of ineffective assistance, the five supplements propose a single additional ground for relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the United States Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague [*Id.*]. Respondent agrees Petitioner is entitled a reduction in sentence with regard to his conviction under 18 U.S.C. § 922(g) and urges the court to vacate Petitioner's current sentence based on *Johnson*, but not the ineffective assistance claims [46]. For the reasons stated below, Petitioner's five motions for leave to amend [Docs. 39, 40, 42, 43, 45] will be **GRANTED** and amended petition to vacate, set aside, or correct his sentence [Docs. 31, 39, 40, 42, 43, 45] will be **GRANTED** so far as it seeks *Johnson*-based relief. In light of the significant change to Petitioner's advisory guideline range, the Court will order a resentencing

hearing to be set as soon as reasonably practicable.  The remaining requests—in which Petitioner seeks a copy of the record and counsel to represent him [Docs. 37, 43] —will be **DENIED**.

I.     BACKGROUND

On January 23, 2013, Petitioner was indicted by a federal grand jury in the Eastern District of Tennessee and charged with two counts of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) [Doc. 1].  Specifically, Count One charged Petitioner with possessing a firearm as a convicted felon on or about September 7, 2011, and Count Two charged Petitioner with possessing a firearm as a convicted felon in or about July 2011.

On April 25, 2013, Petitioner filed a Notice of Intent to Plead Guilty to both counts of the Indictment [Doc. 13] and, on May 1, 2013, the United States filed a Factual Basis in support of that plea [Doc. 14].  While Petitioner initially executed a plea agreement with the United States [Doc. 18], he later changed his mind and elected to plead guilty without the benefit of a plea agreement.  On July 24, 2013, he pled guilty to both counts of the indictment pursuant to his previously filed Notice of Intent to Plead Guilty and the written Factual Basis submitted by the United States [Docs. 13–14, 21–24].

At his change of plea hearing, Petitioner stipulated that he sold a stolen Smith & Wesson .38 caliber revolver to Eric Krum on September 7, 2011, in Harrison, Tennessee.  Petitioner further stipulated that each firearm was manufactured outside the State of Tennessee and did travel in and affect interstate commerce, and that each firearm met the definition of a "firearm" as set forth in 18 U.S.C. § 921(a)(3).  Finally, Petitioner stipulated that at the time he possessed the above-referenced firearms, he was a convicted felon and had at least the following felony convictions: a 2001 forgery conviction; and two 2008 aggravated burglary convictions [Doc. 33].

2

The United States advised Petitioner at his change of plea hearing that if he was "determined to be an armed career criminal, he face[d] imprisonment for a term not less than 15 years to a maximum of life" [*Id.* at 14]. The United States further advised him that it believed he had at least two prior convictions for violent felonies—his aggravated burglary convictions—but that it was unclear whether he had a third predicate conviction under the ACCA, 18 U.S.C. § 924(e) [*Id.*]. The Court went on to advise Petitioner "that there is a possibility that the Court could find [him to be] an armed career criminal, which means that there would be a mandatory minimum sentence if that's the determination" [*Id.* at 15]. Asked if he understood that he would be bound by his plea even if he were deemed a career offender subject to § 924(e)'s 180-month statutory minimum, Petitioner acknowledged that he did [*Id.* at 15, 17–19].

On September 11, 2013, the United States Probation Office promulgated Petitioner's initial Presentence Investigation Report ("PSR"). In that document, Petitioner was assigned an advisory guideline range of 63 to 78 months based on a total offense level of 19 and criminal history category of VI [PSR ¶ 80]. On September 17, 2013, the Probation Office revised Petitioner's PSR, designating him an armed career criminal based on his two 2008 aggravated robbery convictions and later-discovered felony evading arrest conviction [*Id.* ¶¶ 28, 80]. *See* 18 U.S.C. § 924(e)(1) ("In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony . . . committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years[.]"). As a result of his ACCA categorization, Petitioner's received a revised advisory guideline range of 180 to 210 months based on a total offense level of 30 and criminal history category of VI [PSR ¶ 80]. No objections were filed.

On October 28, 2013, the Court sentenced Petitioner to 180 months' imprisonment on each count of the Indictment, to be served concurrently [Docs. 27, 28]. Prior to imposing its sentence, the Court asked Petitioner if he had reviewed the revised PSR and whether he had an opportunity to discuss the same with counsel, to which Petitioner responded in the affirmative [Doc. 34 p.3]. After imposing its sentence, the Court advised Petitioner of his appellate rights and asked Petitioner whether he understood those rights, to which Petitioner again responded in the affirmative [Doc. 34 p. 12]. No direct appeal was taken.

Six months later—on May 14, 2014—Petitioner filed the instant § 2255 petition, asserting three theories in support of a single ground of collateral relief, ineffective assistance of counsel at trial and on appeal [Doc. 31]. The theories asserted include: (1) refusal to file a direct appeal; (2) refusal to challenge the original and revised PSR's career offender designation; and (3) failure to explain impact of ACCA designation prior to the sentencing hearing [*Id.*]. The United States responded in opposition to collateral relief [Doc. 35], and Petitioner responded in turn by filing five nearly-identical supplements [Docs. 39, 40, 42, 43, 45]. The cumulative effect of Petitioner's five proposed amendments was to set forth an entirely novel ground for collateral relief in which he challenges his continued incarceration as an armed career criminal in light of the Supreme Court's decision in *Johnson* [*Id.*]. The United States agrees that Petitioner is entitled to *Johnson*-based relief, but opposes collateral relief based on the pre-existing ineffective assistance claims [Doc. 46]. On May 5, 2016, Petitioner filed a "notice [of] partial waiver" in

4

which he "knowingly and voluntarily" withdrew his original and amended ineffective assistance claims and requested the Court proceed based only on the *Johnson* claim [Doc. 52].[1]

## II. TIMELINESS OF PETITION AND AMENDMENTS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 U.S. Dist. LEXIS 48381, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, No. 15-6418, 2016 U.S. LEXIS 2451, at *16 (U.S. Apr. 18, 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a

---

[1] In light of Petitioner's decision to withdraw his ineffective assistance of counsel claims, the Court will limit its analysis to the timeliness and merit of his remaining ground of collateral attack—the argument that *Johnson* precludes his continued categorization as an ACCA offender.

5

second or successive petition). The renewed period began to run on June 26, 2015 and, as a result, all five of Petitioner's proposed amendments fall safely within the one-year window for making a timely request for collateral relief [Docs. 39, 40, 42, 43, 45]. As such, each of the motions will be **GRANTED** to the extent that they seek leave to amend the original May 14, 2014 petition to include a claim for relief based on *Johnson*. *See* Fed. R. Civ. P. 15(a) (explaining that leave to amend should "be freely given when justice so requires").

1.  **STANDARD OF REVIEW AND ANALYSIS**

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Petitioner's sole remaining ground for collateral relief argues that the Supreme Court's decision in *Johnson* removed his prior felony evading arrest conviction from the scope of § 924(e)'s definition of "violent felony" and that , without that predicate offense, he can no longer be classified as an armed career criminal subject to that provision's increased statutory sentence.

## III. ANALYSIS

A felon who possesses a firearm normally faces a maximum penalty of 10 years' imprisonment, 18 U.S.C. § 924(a)(2), and three years' supervised release, 18 U.S.C. § 3583(b)(2). However, if the felon possesses the firearm after having sustained three prior

6

convictions "for a violent felony or serious drug offense, or both," the ACCA requires a 15 year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to 5 years, 18 U.S.C. § 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCAs use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns—and is thus invalid—if it was necessarily based on predicate violent felonies that only qualified as such under the ACCA's residual clause. *Compare United States v. Ozier*, 796 F.3d 597, 603 (6th Cir. 2015) (finding district court did not err by categorizing defendant as an armed career criminal where all three predicate offenses qualified under the enumerated-offense and use-of-physical-force clauses of the ACCA), *with United States v. Bell*, 612 F. App'x 378, 379–380 (6th Cir. 2015) (finding *Johnson* precluded defendant from being sentenced as an armed career criminal because one of her three predicate offenses, aggravated assault, failed to qualify under the enumerated-offense and use-of-physical force clauses).

7

One of Petitioner's three predicate offenses was for felony evading arrest [PSR ¶ 80]. *See generally* Tenn. Code Ann. § 39-16-603 (2006) (outlining elements of evading arrest). The offense does not qualify as a violent felony under the ACCA's use-of-force clause because it does not involve the use, attempted use, or threatened use of violent force against another, *see United States v. Barnett*, 540 F. App'x 532, 536–37 (6th Cir. 2013) (citing *Descamps* and explaining a statute only meets the first subcategory of violent felony under the ACCA where violations categorically require the use or attempted use of violent physical force), and does not fall within one of the enumerated categories of violent felony. As such, the offense could only have qualified as a violent felony under the ACCA's residual clause. S*ee, e.g., United States v. Doyle*, 678 F.3d 429, 435–36 (6th Cir. 2012) (finding Class E felony evading arrest under Tennessee law, Tenn. Code Ann. § 39-16-603(b)(1), was a violent felony under the ACCA's residual clause). The *Johnson* decision thus dictates that the conviction can no longer be used to designate Petitioner an armed career criminal under § 924(e), leaving him with only two ACCA predicate offenses—the two 2008 aggravated burglary convictions occurring on occasions different from one another. As a result, Petitioner's concurrent 180 month terms of imprisonment and five years' supervised release for the gun offenses [Doc. 28] exceed his maximum authorized sentence as a non-ACCA offender under § 922(g)(1) by 60 months' incarceration and two years' supervised release. *See* 18 U.S.C. § 924(a)(1)(D)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than [ten] years."). The Court thus finds that Petitioner has demonstrated a clear entitlement to relief.

Where a § 2255 claim has merit, district courts have the discretion to choose between discharging the petitioner, resentencing the petitioner, correcting the petitioner's sentence, or granting the petitioner a new trial. 28 U.S.C. § 2255(b). Given the circumstances of the current

8

case—in which Petitioner's recalculated advisory range falls below the 120-month maximum authorized by § 922(g)(1)—the Court finds resentencing to be the most appropriate form of relief. *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[I]n cases were the sentence (but not the conviction) is infirm, only the 'resentenc[ing]' or 'correct[ing] the sentence' options are open to the district court, since a prisoner should never be 'discharge[d]' or 'grant[ed] a new trial' based solely on a defective sentence.").

## IV. REMAINING NON-DISPOSTIVE MOTION

In addition to the foregoing, Petitioner requests that the Court provide him with "copies of the . . . record" and appoint counsel to assist with the litigation of his collateral challenge [Docs. 37, 43]. In light of this Court's resolution of the underlying § 2255 motion, both requests will be **DENIED as moot**. Denial of counsel to represent Petitioner in his § 2255 challenge, however, should not be construed as a denial of his independent entitlement to counsel at the yet-to-be-scheduled re-sentencing hearing. Counsel for the latter will be appointed by separate order.

## V. CONCLUSION

For the reasons discussed above, Petitioner's motions for leave to amend [Docs. 39, 40, 42, 43, 45] will be **GRANTED** and amended § 2255 petition [Docs. 31, 39, 40,42, 43, 45] will be **GRANTED** so far as it seeks *Johnson*-based relief. As such, the sentence dated October 28, 2013 [Doc. 28] will be **VACATED** and a re-sentencing hearing will be scheduled by separate order as soon as reasonably practicable. Petitioner's remaining motions for a copy of the record and the appointment of counsel [Docs. 37, 43] will be **DENIED as moot**.

9

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

　　　　　　　　　　　　　　　　　　　　*/s/ Harry S. Mattice, Jr.*
　　　　　　　　　　　　　　　　　　　　HARRY S. MATTICE, JR.
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE